## Jaffe Estate

*Sheldon Tabb* and *A. Allan Goodman*, for exceptant.
*Sidney Chait* and *David D. Goff*, contra.

SAYLOR, J., October 29, 1954.—The accountant has filed exceptions to the allowance by Hunter, J., the auditing judge, of the balance of the claim of the Commonwealth of Pennsylvania for $5,846.47, the cost of maintaining and supporting decedent's son, Isadore, at the Philadelphia State Hospital from June 16, 1941, to May 5, 1953, the date of decedent's death. The amount of $866.21 had been paid on such claim out of the estate

of Isadore's mother on February 25, 1946, leaving a balance of $4,980.26. The accountant was ordered to pay the son's share in the father's estate, in partial payment of the claim, and to pay the remainder out of the balance of decedent's personal estate.

Isadore Jaffe was inducted into the United States Army on February 18, 1941. A week later he was admitted to an Army hospital and there declared to be suffering from dementia praecox of hebephrenic type. The Army requested the Bureau of Mental Health of the Commonwealth of Pennsylvania for authority to admit the soldier to one of the State's hospitals so that he could be discharged from the Army and delivered to a designated institution. On May 27, 1941, the soldier was discharged and at once admitted to the Philadelphia General Hospital. In due course he was transferred to Philadelphia State Hospital, where he remains a patient.

In May, 1944, the father, Philip Jaffe, filed with a local Army board in Philadelphia a claim for compensation to the son for disability resulting from his active military service. This claim was disallowed because the condition existed prior to service. On appeal to the Board of Veterans' Appeals in Washington this decision was upheld.

In November, 1945, Philip Jaffe filed a second claim in the form of a "Veteran's Application for Pension for Disability not a result of service in the active military or naval forces of the United States." This claim was denied because Isadore Jaffe was not a veteran of wartime service. An informal appeal was filed and disallowed after investigation by the regional office's field examination service. From this decision the father appealed to the Board of Veterans' Appeals in Washington, which on March 10, 1947, decided that the evidence did not permit the grant of service connection for the veteran's dementia praecox.

It appears that legal counsel represented the applicant for both claims.

Despite these decisions by the appropriate local military and Veterans Administration boards, the accountant nevertheless claims that under various acts of Congress the Federal Government is responsible for the hospitalization of insane servicemen, however and whenever they become insane, and that consequently the Commonwealth of Pennsylvania should collect its claim from the Federal Government and not from the patient or the estate of his parent.

With this position we cannot agree. The Act of June 1, 1915, P. L. 661, as amended, declares the common-law liability of the lunatic and imposes a new one on others as an additional source of payment in the nature of a surety. It imposes the liability for all costs of care of any patient in any State institution first on the patient's real and personal property and secondly on persons liable for the patient's support. The act contains provisions relating to the determination of the ability to pay and to procedures for collection. Nowhere have we been able to find in the act any exception in favor of Army veterans or any provisos relating to any Federal administration or agency charged with the care of veterans.

The Commonwealth's right to collect the cost of its care of Isadore Jaffe is without restriction. Its right, after exhausting his estate, to collect from his parent is likewise without restriction.

Hence, we conclude that the allowances ordered by the auditing judge are proper and were made in accordance with law. Whether or not Federal authorities have erred in denying Philip Jaffe's two claims is not a matter for our consideration. If there be a remedy for the failure of the Federal Government to provide permanent hospitalization of the veteran, Isadore Jaffe, in one of its own institutions or elsewhere at its ex-

pense, it does not lie with this tribunal. Such an issue must be decided in another forum.

For these reasons, the exceptions are dismissed and the adjudication is confirmed absolutely.